IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDRE DANIELS, #2387599 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23cv6 |
| | § | |
| PARIS POLICE DEPARTMENT, ET AL. | § | |

**INITIAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Andre Daniels, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I.  BACKGROUND**

Plaintiff filed the instant civil rights complaint, asserting claims against the Paris Police Department and several police officers employed by the Paris Police Department ("Police Officer Defendants"). (Dkt. #1). The Police Officer Defendants have been ordered to answer Plaintiff's Complaint. (Dkt. #9). This Initial Report and Recommendation concerns only the claims against Defendant Paris Police Department.

**II.  SCREENING UNDER 28 U.S.C. § 1915A**

Plaintiff is currently a prisoner, as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil

1

Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004); *Davis v. Lamar Cnty. Jail*, No. 4:22-cv-612, 2023 WL 3069762, at *1 (E.D. Tex. Mar. 20, 2023), *report and recommendation adopted*, No. 4:22-cv-612, 2023 WL 3060776 (E.D. Tex. Apr. 24, 2023); *Butler v. Tidwell*, No. 4:20-cv-600, 2021 WL 4025379, at *3 (E.D. Tex. June 29, 2021), *report and recommendation adopted*, No. 4:20-cv-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Montgomery v. Barr*, No. 4:20-cv-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020); *see also Coleman v. Tollefson*, 575 U.S. 532, 538-39 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i), "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.*

"A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

### III. ANALYSIS

Plaintiff names the Paris Police Department as a defendant in this lawsuit. "A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)); *accord Davis*, 2023 WL 3069762, at *2. "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *McGrew*, 2015 WL 3528236 at *6 (citing *Darby*, 939 F.2d at 313-14); *Davis*, 2023 WL 3069762, at *2. The capacity of a county or city department to be sued is determined by the state where the district court is located. *See Darby*, 939 F.2d at 313; *Davis*, 2023 WL 3069762, at *2; *see also* Fed. R. Civ. P. 17(b)(3). Because this Court sits in Texas, it must apply Texas law to determine whether the Paris Police Department can be sued. *See Darby*, 939 F.2d at 313; *Davis*, 2023 WL 3069762, at *2.*

The Paris Police Department is a non-jural entity and cannot be sued. *See Darby*, 939 F.2d at 314 ("Darby has failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation."); *Purnell v. Denton Police Dep't*, No. 4:21-cv-811-SDJ-KPJ, 2022 WL 19298334, at *3 (E.D. Tex. Dec. 20, 2022) ("The Denton Police Department is a non-jural entity and cannot be sued."), *report and recommendation adopted as modified*, No. 4:21-cv-811-SDJ-KPJ, 2023 WL 2666068 (E.D. Tex. Mar. 28, 2023); *Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350, 2020 WL 8484809, at *2 (E.D. Tex. Dec. 14, 2020) ("The general rule is that law enforcement agencies are not separate governmental entities that can be sued.") (brackets and citation omitted), *report and recommendation adopted*, 2021 WL 489633 (E.D. Tex. Feb. 10, 2021); *Jeanty v. TXFM, Inc.*, No. 4:19-cv-366, 2020 WL 5797727, at *3 (E.D. Tex. Aug. 12, 2020) (collecting cases) ("More specifically, federal courts in Texas have found that police departments do not have a jural existence."), *report and recommendation adopted*, 2020 WL 5651636 (E.D. Tex. Sept. 23, 2020); *Stephen v. Palestine Police Dep't*, No. 6:18-cv-652, 2020 WL 2739887, at *10 (E.D. Tex. Jan. 27, 2020) (the plaintiff "cannot sue the City of Palestine Police Department because the police department is a sub-unit of the city; and thus, a non-jural entity lacking the legal capacity to sue or be sued in its own name"), *report and recommendation adopted*, No. 6:18-cv-00652, 2020 WL 2739606 (E.D. Tex. May 26, 2020); *Rettstatt v. Rochelle*, No. 5:17-cv-39, 2019 WL 2591127, at *2 (E.D. Tex. Apr. 9, 2019) ("Plaintiff also cannot sue the City of Texarkana Police Department because the police department is a sub-unit of the city and thus a non-jural entity lacking the legal capacity to sue or be sued in its own name."), *report and recommendation adopted*, No. 5:17-cv-39, 2019 WL 2578876 (E.D. Tex. June 24, 2019); *Devereaux v. City of Denton*, No. 4:12-cv-73, 2012 WL 5878816, at *4 (E.D. Tex. Sept. 24, 2012) ("The Court agrees that the Denton Police Department is not a separate legal entity and cannot sue or be sued."), *report*

*and recommendation adopted in relevant part*, 2012 WL 5878783 (E.D. Tex. Nov. 21, 2012). Thus, even if the Court takes all of Plaintiff's allegations against the Paris Police Department as true, Plaintiff has failed to state a claim upon which relief can be granted. *See Purnell*, 2022 WL 19298334, at *3.

Furthermore, the Court has found no authority suggesting that the Paris Police Department has been granted jural authority to sue or be sued in its own right and Plaintiff has not alleged that it has been. For that reason, it would be futile to grant Plaintiff an opportunity to replead with respect to the Paris Police Department. Accordingly, Plaintiff's claims against the Paris Police Department should be dismissed with prejudice as frivolous and for failing to state a claim. *See Rhodes v. Lewisville Police Dep't*, No. 4:20-cv-7, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020) ("A plaintiff has the burden of showing that a . . . department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim.") (citation omitted), *report and recommendation adopted*, No. 4:20-cv-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021); *Fuller v. Henderson Cnty., Tex.*, No. 6:16-cv-1301, 2018 WL 4087559, at *2 (E.D. Tex. Aug. 6, 2018) (dismissing with prejudice plaintiff's claims against a non-jural entity), *report and recommendation adopted*, No. 6:16-cv-1301, 2018 WL 4053779 (E.D. Tex. Aug. 24, 2018).

## IV.  RECOMMENDATION

Accordingly, the Court *sua sponte* recommends Plaintiff's claims against the Paris Police Department be dismissed with prejudice. *See* 28 U.S.C. §§ 1915A and 1915(e).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.

28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 20th day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE