IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDRE DANIELS, #2387599 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23cv6 |
| | § | |
| PARIS POLICE DEPARTMENT, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Andre Daniels, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983. (Dkt. #1). The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On June 20, 2023, the Court ordered the Clerk of Court to issue process and deliver the Complaint (Dkt. #1) to the United States Marshal for service on Defendants Officer Brent Middleton, Officer Tyler Anderson, Officer Cody Logsden, and Officer Garcia at no cost to Plaintiff. (Dkt. #9).[1] On June 29, 2023, the Court received a letter from the Chief of Police of the Paris Police Department stating Officer Garcia was no longer employed by the Paris Police Department and no longer a Texas Peace Officer. (Dkt. #11). On July 24, 2023, the Court ordered Plaintiff to supply the Clerk's Office with the current address for Officer Garcia so that service can be made on him. (Dkt. #13). On September 22, 2023, the Clerk's Office resent the Court's

---

[1] Officer Middleton, Officer Logsden, and Officer Anderson have filed motions to dismiss, which are currently pending before the Court. (Dkt. ##14, 19).

1

Order (Dk. #13) to Plaintiff. As of this date, no action has been taken to comply with the Order (Dkt. #13). No address for Officer Garcia has been provided, and thus, a new summons cannot be prepared and has not yet been sent to him.

## II.  DISCUSSION

### A.  Unserved Defendant

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Fifth Circuit has held that a litigant's *pro se* status does not excuse failure to effect proper service. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). While a plaintiff proceeding *in forma pauperis* is entitled to rely on service by the United States Marshals Service and should not be penalized for failure of the Marshals Service to properly effect service of process where such failure is through no fault of the litigant, a plaintiff may not remain silent and do nothing to effectuate service or to aid the effecting of such service. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (responsibility of effecting service of process rests, at the end of the day, with the plaintiff).

In this case, the Court has ordered that service be delivered to the Marshals Service, and the Marshal attempted to serve process at the last known address of Officer Garcia. This comports with the dictates of Rule 4. *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 448 (5th Cir. 1996). Officer Garcia was not able to be served at his last known address, and on July 24, 2023, the Court ordered Plaintiff to provide the updated address for Officer Garcia so that service could be made on him. Over four months have lapsed since the Court's Order (Dkt. #13), and Plaintiff has failed to provide an updated address for Officer Garcia. The Court has given Plaintiff adequate opportunity to provide the requested information for preparation of service of process. On the instant record, the Court finds no good cause to extend the time for service. Because the Court is without personal jurisdiction over unserved defendants, Plaintiff's claims against Officer Garcia should be dismissed under Rule 4(m). *See Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 2323257, at *1 (N.D. Tex. Apr. 16, 2018) (recommending dismissal under Rule 4(m) for failing to serve or respond to the court's notice of impending dismissal), *report and recommendation adopted*, No. 3:17-CV-3296-G (BK), 2018 WL 10435253 (N.D. Tex. May 1, 2018); *Isom v. Infinity Cnty. Mutual Ins. Kemper Auto*, No. 4:21-CV-275-ALM-CAN, 2021 WL 3912192, at *2 (dismissing under Rule 4(m) where "Plaintiff [] wholly failed to comply with both the Federal Rules of Civil Procedure and the Court's Orders directing preparation of summons and service"), *report and recommendation adopted*, No. 4:21-CV-275, 2021 WL 3884220 (E.D. Tex. Aug. 31, 2021).

B. **Failure to Prosecute**

The claims against Officer Garcia should also be dismissed for failure to prosecute the case. A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

3

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

In the present case, Plaintiff has failed to comply with the Court's Order (Dkt. #13) directing Plaintiff to provide the current address of Officer Garcia so that service could be made on him. Accordingly, the claims against Officer Garcia should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Calvin v. Harrington*, No. 3:19-cv-02294-G-BT, 2020 WL 5415740, at *2 (N.D. Tex. Apr. 28, 2020) ("Because Calvin has not properly served his lawsuit on any [individual] Defendant and has not provided the Court with the information necessary to accomplish effective service on his behalf, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b)."), *report and recommendation adopted in part*, No. 3:19-cv-02294-G-BT, 2020 WL 2703513 (N.D. Tex. May 22, 2020); *Mathes v. City of Corinth, Texas Police Dep't*, No. 4:18-cv-651, 2019 WL 1232857, at *1 (E.D. Tex. Feb. 10, 2019) ("Plaintiff's claims are also properly dismissed without prejudice under Rule 41(b) for his failure to provide the address information [for the defendant]."), *report and recommendation adopted*, No. 4:18-cv-651, 2019 WL 1233742 (E.D. Tex. Mar. 14, 2019); *Sandoval v. Am. Laser Skin Care, LLC*, 5:14-cv-338-DAE, 2015 WL 518801, at *7 (W.D. Tex. Feb. 2, 2015) (dismissing complaint under Rules 4 and

41 for the failure of the *pro se* plaintiff, proceeding *in forma pauperis*, to prepare summons to be served by the U.S. Marshal Service).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's claims and lawsuit against Defendant Officer Garcia be dismissed without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 27th day of November, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE