IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ANDRE DANIELS, #2387599** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23cv6 |
| | § | |
| **OFFICER MIDDLETON, ET AL.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendants Brent Middleton ("Officer Middleton") and Cody Logsden's ("Officer Logsden") Motion to Dismiss (Dkt. #14) ("Officer Middleton and Officer Logsden's Motion to Dismiss") and Defendant Tyler Anderson's ("Officer Anderson," together with Officer Middleton and Officer Logsden, "Defendants") Motion to Dismiss ("Officer Anderson's Motion to Dismiss") (Dkt. #19) (together with Officer Middleton and Officer Logsden's Motion to Dismiss, the "Motions to Dismiss"). To date, *pro se* Plaintiff Andre Daniels ("Plaintiff") has not filed a response. For the reasons that follow, the Court recommends the Motions to Dismiss (Dkt. ##14, 19) be **DENIED.**

**I. BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Defendants.[1] (Dkt. #1). Plaintiff's Complaint alleges Officer Middleton placed him in a choke hold and repeatedly punched him in the face, while Officer Anderson and Officer Logsden restrained Plaintiff. (Dkt. #1, p. 3). Specifically, Plaintiff alleges:

> 1.) On 1/2/21 I was arrested and taken to Paris Police Department on Clarksville Street and put it in a holding cell. I kicked the door to get their attention to use the phone[,] that's when Officers Middleton, Anderson, Logsden, and Garcia rushed in and restrained me. Officer Middleton placed me in a choke hold from behind and

---

[1] Plaintiff also named the Paris Police Department and Officer Garcia as Defendants. (Dkt. #1). The claims against these parties have been dismissed, and they have been terminated from this action. (Dkt. ##10, 16, 21, 22).

1

punched me in the face 3 times with overhand blows causing my nose to bleed, busting my lip and swelling my eye.

2.) False accusations for being accused of assaulting an officer at Paris Regional to cover up the fact I was beaten hours earlier at a different location.

3.) Pain and suffering for being beat and thrown in a cell without medical attention.

4.) Hospital bill accumulated for being seen at Paris Regional.

(Dkt. #1, p. 4). As relief, Plaintiff seeks monetary damages "of no less than $250,000." (Dkt. #1, p. 4).

On July 26, 2023, Officer Middleton and Officer Logsden moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff's claims should be dismissed because they are barred by the statute of limitations. (Dkt. #14). On September 20, 2023, Officer Anderson also moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6), urging Plaintiff's claims should be dismissed because they are barred by the statute of limitations, Plaintiff's Complaint fails to state a bystander liability claim against Officer Anderson, and Officer Anderson is entitled to qualified immunity. (Dkt. #19). To date, Plaintiff has not filed a response.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual

---

[2] A failure to respond to a motion to dismiss creates the presumption that Plaintiff has no facts to controvert the motion. *See* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, any document attached to the motion to dismiss that is central to the claim and referenced by the complaint, and any facts subject to judicial notice. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

The Court is also mindful it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

### III. ANALYSIS

#### A. <u>Officer Middleton and Officer Logsden's Motion to Dismiss</u>

Officer Middelton and Officer Logsden argue Plaintiff's claims should be dismissed because they are barred by the statute of limitations. (Dkt. #14).

Limitations may permit dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)). Stated differently, dismissal is proper if the complaint affirmatively shows the plaintiff's claims are time barred and there is no basis for tolling. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011). The forum state's general statute of limitations for personal injuries provides the applicable limitations period for § 1983 cases. *Matter of Hoffman*, 955 F.3d 440, 443 (5th Cir. 2020) (citing *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)). Considering Texas law, the § 1983 limitations period is two years. *Id.* at 444 (citing *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); Tex. Civ. Prac. & Rem. Code § 16.003); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). While state law controls the limitations period, federal law determines the issue of accrual. *Matter of Hoffman*, 955 F.3d at 444. Under federal law, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Piotrowski*, 237 F.3d at 576 (internal citation and quotations omitted); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331-32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

Officer Middelton and Officer Logsden argue Plaintiff's claims are barred by the two-year statute of limitations because the acts giving rise to Plaintiff's claims occurred on January 2, 2021, and Plaintiff did not file his Complaint until over two years later, on January 4, 2023. (Dkt. #14, p. 4). Officer Middelton and Officer Logsden deem Plaintiff's Complaint filed on January 4, 2023—the date the Clerk of Court received and docketed the Complaint. The mailbox rule is well-settled, however. The rule, first explained in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), provides that a *pro se* inmate's notice of appeal is deemed filed on the date that the inmate gives the notice to prison authorities to be sent to the relevant court. In other words, the date upon which the prisoner places a legal document into the hands of prison authorities for mailing is the operative date for filing purposes. This doctrine has been applied to several types of prisoner filings. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) ("Our prior decisions, and decisions of our sister circuits, indicate that a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing."). "The mailbox rule certainly applies to section 1983 complaints." *Casares v. Linthicum*, No. 6:17CV701, 2019 WL 4781344, at *3 (E.D. Tex. June 26, 2019), *report and recommendation adopted*, No. 6:17CV701, 2019 WL 4778010 (E.D. Tex. Sept. 27, 2019) (citing *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (holding a *pro se* prisoner litigant's § 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system)).

Here, Plaintiff dated his Complaint, under penalty of perjury, on December 16, 2022. (Dkt. #1, p. 5). The Clerk of Court docketed his complaint on January 4, 2023. Because the mailbox rule is clear that a prisoner's complaint is deemed filed when he places it in the hands of prison officials for mailing, it cannot be said that Plaintiff filed his Complaint on January 4, 2023—when the Clerk of Court received the complaint in the mail. Giving Plaintiff the benefit of the prison mailbox rule,

the Complaint is deemed filed on December 16, 2022, the date Plaintiff signed and dated his Complaint. Therefore, because Plaintiff filed his Complaint on December 16, 2022, Plaintiff's claims are not barred by the two-year statute of limitations. Accordingly, Officer Middleton and Officer Logsden's Motion to Dismiss (Dkt. #14) should be denied.

### B. Officer Anderson's Motion to Dismiss

Officer Anderson argues Plaintiff's claims should be dismissed because (1) they are barred by the statute of limitations, (2) Plaintiff's Complaint fails to state a bystander liability claim against Officer Anderson, and (3) Officer Anderson is entitled to qualified immunity. (Dkt. #19).

#### 1. Statute of Limitations

As discussed *supra* § III.A, Plaintiff's claims are not barred by the statute of limitations. Thus, Officer Anderson's Motion to Dismiss (Dkt. #19) on the basis of the statute of limitations is without merit and should be denied.

#### 2. Failure to State a Claim

Next, Officer Anderson contends Plaintiff's Complaint should be dismissed because it lacks sufficient factual allegations to state a bystander liability claim.

In order to prove a civil rights violation under 42 U.S.C. § 1983, plaintiff must demonstrate that other officers present at the scene did not take reasonable measures to protect him from another officer's use of excessive force. *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (citing cases); *Poat v. Scroggins*, No. 3-05-CV-2516-BD, 2007 WL 1345683, at *1 (N.D. Tex. May 4, 2007). Bystander liability "obtains only if the bystander defendant had reasonable opportunity to intercede and prevent the constitutional violation." *Blacke v. City of Galveston*, Tex., No. 10-CV-388, 2014 WL 794025, at *8 (S.D. Tex. Feb.27, 2014) (citing *Spencer v. Rau*, 542 F. Supp. 2d 583, 594 (W.D. Tex. 2007) (relying on *Davis v. Rennie*, 264 F.3d 86, 97-98 (1st Cir. 2001) (holding

that an officer can be held liable under § 1983 for failure to intervene "if the defendant was present when the force was used, observed the use of excessive force, was in a position where he could realistically prevent the force, and had sufficient time to prevent it"))). The "reasonable opportunity to intercede and prevent the constitutional violation" is "[t]he focus of the bystander-liability inquiry." *Malone v. City of Fort Worth, Tex.*, No. 4:09-CV-634-Y, 2014 WL 5781001, at *16 (N.D. Tex. Nov.6, 2014); *see also Terrell v. Castleberry*, Civ. A. No. H-06-2025, 2008 WL 687519, at *5 (S.D. Tex. Mar.12, 2008) ("A prison guard has a duty to intervene and attempt to end an assault on an inmate. . . . The rationale underlying the bystander liability theory is that a bystanding officer, by choosing not to intervene, functionally participates in the unconstitutional act of his fellow officer.").

Thus, "an officer may be liable under § 1983 under a theory of bystander liability where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *Malone*, 2014 WL 5781001, at *16 (quoting *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)).

Officer Anderson asserts Plaintiff has alleged no facts demonstrating Officer Anderson knew about the alleged use of force by Officer Middleton or "'acquiesced in' the alleged excessive use of force." (Dkt. #19, p. 6). Plaintiff's Complaint, however, specifically alleges Officer Anderson restrained Plaintiff while Officer Middleton placed him in a choke hold and repeatedly punched him in the face. Plaintiff's allegations allow the Court to reasonably infer—for purposes of Officer Anderson's Motion to Dismiss—that Officer Anderson knew Officer Middleton was using excessive force and had a reasonable opportunity to prevent the harm to Plaintiff but chose not to act. Accepting Plaintiff's allegations as true and taken in the light most favorable to Plaintiff at this stage of the litigation, Plaintiff has met the plausibility pleading standard in *Iqbal*.

It is recommended Plaintiff's Complaint survive Officer Anderson's Motion to Dismiss (Dkt. #19) for failure to state a bystander/failure to protect claim. Whether Plaintiff will be able to support his allegations with evidence at the summary judgment phase is a separate inquiry not before the Court at this time.

### 3. Qualified Immunity

Last, Officer Anderson argues Plaintiff's Complaint should be dismissed because he is entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). For an official to face liability, the qualified immunity inquiry involves two prongs: (1) whether a defendant's conduct violated a constitutional right, and (2) whether a defendant's conduct was objectively unreasonable in light of clearly established law at the time of the violation. *Id.* at 232.

Here, taking Plaintiff's allegations as true, Plaintiff's Complaint does state facts that give rise to constitutional violations and objectively unreasonable conduct, and Officer Anderson has not offered any authority that would indicate dismissal is appropriate at this phase of the proceedings. Officer Anderson's Motion to Dismiss based on qualified immunity should be denied. Again, whether Plaintiff will be able to support his allegations with evidence at the summary judgment phase is a separate inquiry not before the Court at this time.

### IV. RECOMMENDATION

For the reasons set forth above, the Court recommends the Motions to Dismiss (Dkt. ##14, 15) be **DENIED** and Plaintiff's excessive force claim against Officer Middleton and Plaintiff's

8

bystander liability/failure to protect claims against Officer Logsden and Officer Anderson should be allowed to proceed.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 23rd day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE